# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**VALERIE K. SMITH,**

    **Plaintiff,**

    **v.**          **CIVIL ACTION NO. 2:10 CV 123**
                                                                **(BAILEY)**

**COMMISSIONER OF**
**SOCIAL SECURITY,**

    **Defendant.**

## ORDER

On April 28, 2011, Magistrate Judge David J. Joel filed his Report and Recommendation (R&R) (Doc. 20) in the above-styled matter wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed her objections (Doc. 21) on May 12, 2011. This matter now appears ripe for review.

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised in the parties' cross Motions for Summary Judgment were thoroughly considered by Magistrate Judge Joel in his R&R. This Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case.

Upon consideration of the plaintiff's objections, this Court finds that the plaintiff has not raised any issues that were not thoroughly and properly considered by the Magistrate Judge in his R&R. In the first objection, plaintiff argues that the treating physician's opinions should be given controlling weight because they were supported by medically acceptable clinical diagnostic techniques. The opinion of a treating physician will be given controlling weight if the opinion is 1) well supported by medically acceptable clinical and

laboratory diagnostic techniques and 2) not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d). The Magistrate Judge, noting that the record lacks any indication that Dr. Walker performed any psychological tests, recommends that this Court find Dr. Walker's opinion to be unsupported by medically acceptable clinical or laboratory diagnostic techniques as it appears to have been based solely on the plaintiff's self-reported symptoms. Plaintiff argues that there is nothing to suggest that patient self-reporting in not an acceptable way of arriving at a psychiatric diagnosis. 20 C.F.R. § 404.1527 states, "[a] physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms." Further, 20 C.F.R. § 404.1528(a) states that "[y]our statements alone are not enough to establish that there is a physical or mental impairment." The regulations define psychiatric "signs" as "medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception. They must also be shown by observable facts that can be medically described and evaluated." *Id*. at § 404.1528(b). The regulations indicate that laboratory findings can be shown by the use of psychological tests. *Id*. at § 404.1528(c).

      Upon review of the record, this Court agrees with the Magistrate Judge that all of Dr. Walker's notes indicate that his diagnosis was based solely on the plaintiff's self-reported symptoms, and that it does not appear that she performed any psychological tests. In light of the regulatory law, as set forth above, Dr. Walker's opinion therefore fails the treating physician analysis, and the ALJ was substantially justified in not affording her opinion controlling weight. The plaintiff's first objection is overruled.

2

In her next objection, the plaintiff objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's credibility determinations. This Court finds that an ALJ's evaluation of a claimant's credibility must be given great deference. Specifically, it has been held that an ALJ's credibility determination should only be reversed "if the claimant can show it was 'patently wrong.'" **Powers v. Apfel**, 207 F.3d 431, 435 (7th Cir. 2000). In agreement with the Magistrate Judge, this Court finds that the ALJ conducted an extensive review of the record in finding that the plaintiff's subjective complaints were contradicted by her daily activities and medical records. This Court cannot find that the plaintiff/claimant has shown this determination to be patently wrong. Further, it is the duty of the ALJ, and not the responsibility of this Court, to make findings of fact and resolve conflicts in the evidence. In reviewing the ALJ's findings, this Court finds that the ALJ's credibility determinations are supported by substantial evidence. Therefore, the plaintiff's second objection must be overruled.

Accordingly, as more fully set forth in the Magistrate Judge's R&R (Doc. 20), this Court finds that the Commissioner's decision that the plaintiff is not disabled within the meaning of the Act is supported by substantial evidence. Therefore, it is

**ORDERED** that Magistrate Judge Joel's R&R be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendant's Motion for Summary Judgment (Doc. 18) shall be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Summary Judgment (Doc. 16) shall be, and the same hereby is, **DENIED**. It is further

**ORDERED** that the decision for the defendant is **AFFIRMED**, and that this civil

3

action is **DISMISSED** and **RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order and to send a copy of this Order to all counsel of record.

**DATED**: May 23, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE